IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

DAVID WAYNE EDWARDS,         )
                             )
    Plaintiff,               )
                             )
v.                           )       Case No.  CIV-16-599-SM
                             )
COMMISSIONER OF SOCIAL       )
SECURITY ADMINISTRATION,     )
                             )
    Defendant.               )

# MEMORANDUM OPINION AND ORDER

David Wayne Edwards (Plaintiff) brings this action for judicial review of the Defendant Acting Commissioner of Social Security's (Commissioner) final decision he was not "disabled" under the terms of the Social Security Act. *See* 42 U.S.C. §§ 405(g), 423(d)(1)(A). The parties have consented under 28 U.S.C. § 636(c) to proceed before a United States Magistrate Judge. Doc. 14. Following a careful review of the parties' briefs, the administrative record (AR), and the relevant authority, the court reverses and remands the Commissioner's decision.

## I. Administrative determination.

### A. Disability standard.

The Social Security Act defines "disability" as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment that can be expected to result in death or which

has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A). "This twelve-month duration requirement applies to the claimant's inability to engage in any substantial gainful activity, and not just his underlying impairment." *Lax v. Astrue*, 489 F.3d 1080, 1084 (10th Cir. 2007) (citing *Barnhart v. Walton*, 535 U.S. 212, 218-19 (2002)).

### B. Burden of proof.

Plaintiff "bears the burden of establishing a disability" and of "ma[king] a prima facie showing that he can no longer engage in his prior work activity." *Turner v. Heckler*, 754 F.2d 326, 328 (10th Cir. 1985). If Plaintiff makes that prima facie showing, the burden of proof then shifts to the Commissioner to show Plaintiff retains the capacity to perform a different type of work and that such a specific type of job exists in the national economy. *Id.*

### C. Relevant findings.

The ALJ assigned to Plaintiff's case applied the standard regulatory analysis and concluded Plaintiff had not met her burden of proof. AR 17-23; see 20 C.F.R. §§ 404.1520(a)(4); 416.920(a)(4); *see also Wall v. Astrue*, 561 F.3d 1048, 1052 (10th Cir. 2009) (describing the five-step analysis). Specifically, the ALJ found Plaintiff:

> (1) was severely impaired, first, by affective disorders, second, by anxiety-related disorders (posttraumatic stress disorder), and third by pain disorder;

2

(2) did not have an impairment or combination of impairments that met or medically equaled the severity of a listed impairment;

(3) had the residual functional capacity (RFC)[1] to perform light work with these restrictions: occasional lift/carry twenty pounds, frequent lift/carry ten pounds; stand/walk six hours out of an eight-hour workday, sitting six hours out of an eight-hour workday, must have the option to occasionally sit/stand at the work "station" with a less than 10% loss of productivity; occasionally push/pull with the upper and lower extremities; can occasionally climb ramps and stairs no manipulative, visual, communicative, or environmental limitations can comprehend and carry out simple work-related instructions and tasks; can work with supervisors and coworkers on a superficial working basis; cannot work with the general public; can adapt to routine changes;

(4) could perform no past relevant work;

(5) could perform jobs that exist in significant numbers in the national economy, such as office helper, silver wrapper, and as laundry worker; and so,

(6) had not been under a disability, as defined in the Social Security Act, from January 1, 2009 through November 24, 2015, the date of the ALJ's decision.

AR 13-29.

### D. Appeals Council action.

The Social Security Administration's (SSA) Appeals Council found no reason to review that decision, so the ALJ's decision is the Commissioner's final decision. *Id.* at 1-5; s*ee Krauser v. Astrue*, 638 F.3d 1324, 1327 (10th Cir. 2011).

---

[1] Residual functional capacity "is the most [a claimant] can still do despite [a claimant's] limitations." 20 C.F.R. §§ 404.1545(a)(1); 416.945(a)(1).

## II. Judicial review of the Commissioner's final decision.

### A. Review standards.

A court reviews the Commissioner's final "decision to determine whether the factual findings are supported by substantial evidence and whether the correct legal standards were applied." *Mays v. Colvin*, 739 F.3d 569, 571 (10th Cir. 2014) (internal quotation marks omitted). Substantial evidence is "more than a scintilla, but less than a preponderance." *Lax*, 489 F.3d at 1084. A decision is not based on substantial evidence "if it is overwhelmed by other evidence in the record." *Wall*, 561 F.3d at 1052 (internal quotation marks omitted). The court will "neither reweigh the evidence nor substitute [its] judgment for that of the agency." *Newbold v. Colvin*, 718 F.3d 1257, 1262 (10th Cir. 2013) (internal quotation marks omitted).

Further, "if the ALJ failed to apply the correct legal test, there is a ground for reversal apart from a lack of substantial evidence." *Thompson v. Sullivan*, 987 F.2d 1482, 1487 (10th Cir. 1993). However, the court "must 'exercise common sense' in reviewing an ALJ's decision and must not 'insist on technical perfection.'" *Jones v. Colvin*, 514 F. App'x 813, 823 (10th Cir. 2013) (quoting *Keyes-Zachary v. Astrue*, 695 F.3d 1156, 1166 (2012)). The ALJ's decision must be evaluated "based solely on the reasons stated in the decision." *Robinson v. Barnhart*, 366 F.3d 1078, 1084 (10th Cir. 2004). A "post hoc

4

rationale is improper because it usurps the agency's function of weighing and balancing the evidence in the first instance." *Carpenter v. Astrue*, 537 F.3d 1264, 1267 (10th Cir. 2008).

### B. Plaintiff's claims of error.

Plaintiff argues the ALJ (1) "failed to identify the frequency in which Plaintiff would need to alternate positions;" and (2) improperly evaluated Plaintiff's subjective complaints. Doc. 17, at 6. In response, the Commissioner maintains the RFC assessment "was sufficiently specific about the option to alternate between sitting and standing" and that substantial evidence supports the credibility finding. Doc. 24, at 8-14. Because the court agrees with Plaintiff's first argument, the undersigned will not address Plaintiff's remaining claim. *See Watkins v. Barnhart*, 350 F.3d 1297, 1299 (10th Cir. 2003) ("We will not reach the remaining issues raised by appellant because they may be affected by the ALJ's treatment of this case on remand.").

### C. Analysis.

Social Security Ruling (SSR) 96-9p states:

> An individual may need to alternate the required sitting of sedentary work by standing (and, possibly, walking) periodically. Where this need cannot be accommodated by scheduled breaks and a lunch period, the occupational base for a full range of unskilled sedentary work will be eroded. The extent of the erosion will depend on the facts in the case record, such as the frequency of the need to alternate sitting and standing and the length of time needed to stand. The RFC assessment must be specific as to the

frequency of the individual's need to alternate sitting and standing. It may be especially useful in these situations to consult a vocational resource in order to determine whether the individual is able to make an adjustment to other work.

SSR 96-9p, 1996 WL 374185, at *7 (July 2, 1996).

### 1. SSR 96-9p applies here.

The Court notes that SSR 96-9p explicitly applies to sedentary work and the RFC in the present case limited Plaintiff to less than a full range of light work. AR 16. The statutory definition of light work requires "a good deal of walking or standing, or . . . sitting most of the time." 20 C.F.R. §§ 404.1567(b); 416.967(b). An individual's ability to sit and stand is also relevant to "light" work. *See Wahpekeche v. Colvin*, 640 F. App'x 781, 784-85 (10th Cir. 2016) (applying SSR 96-9p in the context of "light" work); *Vail v. Barnhart*, 84 F. App'x 1, 5 (10th Cir. 2003) ("Precisely how long a claimant can sit without a change in position is also relevant to assumptions whether he can perform light work.") (citing 20 C.F.R. § 404.1567(b)); *but see see Vititoe v. Colvin*, 549 F. App'x 723, 731 (10th Cir. 2013) ("SSR 96-9p applies in cases where the claimant is limited to less than the full range of *sedentary work* and the disability determination is not directed by the Grids. Here the ALJ found that Mr. Vititoe retains the capacity to perform less than the full range of *light work*, so SSR 96-9p is not applicable.")

The SSA has defined an individual's need to alternate sitting and standing as a "Special Situation" and devoted an entire section to the issue in an SSR evaluating exertional limitations within a range of work. *See* SSR 83-12, 1983 WL 31253 (Jan. 1, 1983). There, the SSA stated:

> In some disability claims, the medical facts lead to an assessment of RFC which is compatible with the performance of either sedentary or light work except that the person must alternate periods of sitting and standing. The individual may be able to sit for a time, but must then get up and stand or walk for awhile before returning to sitting. Such an individual is not functionally capable of doing either the prolonged sitting contemplated in the definition of sedentary work (and for the relatively few light jobs which are performed primarily in a seated position) or the prolonged standing or walking *contemplated for most light work*.
>
> . . . .
>
> Unskilled types of jobs are particularly structured so that a person cannot ordinarily sit or stand at will. In cases of unusual limitation of ability to sit or stand, a VS should be consulted to clarify the implications for the occupational base.

*See* SSR 83-12, 1983 WL 31253, at *4 (emphasis added); *Jimison v. Colvin*, 513 F. App'x 789, 792 (10th Cir. 2013) (noting "[t]he option to sit or stand at will" allows claimant "to control the frequency" of position changes satisfying SSR 96-9p).

### 2. Certified copy of the transcript of the record.

When she filed her response brief, the Commissioner filed a second certified copy of the transcript of the record. Doc. 23. The Social Security Act

7

provides that "the Commissioner . . . shall file a certified copy of the transcript of the record including the evidence upon which the findings and decision complained of are based." 42 U.S.C. § 405(g). "Court review of the [Commissioner's] denial of Social Security disability benefits is limited to a consideration of the pleadings and the transcript filed by the [Commissioner] as required by 42 U.S.C. § 405(g)." *Atteberry v. Finch*, 424 F.2d 36, 39 (10th Cir. 1970). "It is not a trial de novo" and "[t]he court is not at liberty to consider evidence not in the record certified by the [Commissioner.]" *Id.*

Here the Commissioner did not file a "Supplemental Certification" but merely noted the hearing recording contained an inconsistency and submitted a "newly filed transcript." Doc. 24, at 9 n.4. Acting through a Social Security Administration official, the Commissioner "certif[ied] that the documents annexed hereto constitute a full and accurate transcript . . . of the entire record of proceedings relating to this case." Doc. 23, at 1; *cf.* Doc. 11, at 1. The Commissioner notes the newly filed transcript shows the ALJ's question, which asked of a "less than *10% reduction* in productivity" was consistent with her RFC findings. Doc. 24, at 9 n.4; (citing Doc. 23, Att. 2, at 42 (emphasis added)); *cf.* AR 41 (Oct. 11, 2016 originally filed transcript) (inquiring of a "less than *2% reduction* in productivity") (emphasis added).

"[T]he Hearings, Appeals and Litigation Law manual . . . provides guidance for processing and adjudicating claims at the hearing, Appeals Council, and civil action levels." HALLEX § I-1-0-1. *See* (https://www.ssa.gov/OP_Home/hallex/I-01/I-1-0-1.html) (last accessed Apr. 26, 2017). The Social Security Administration's HALLEX addresses the discovery, after the issuance of the hearing decision that the hearing recording included partial omissions or inaudible testimony. HALLEX § I-2-6-26.C. But this process anticipates that the hearing office staff will correct the error and, if the case is before the Appeals Council, will send an email to it with a "request to Remand Case." *Id. (*noting the email will contain "A brief explanation that the hearing recording has partial omissions or is portions that are inaudible and the [hearing office staff] needs the case back to correct the issue per the instructions in HALLEX I-2-6-46.").

HALLEX provides a procedure for correcting errors and filing a supplemental record:

> The [court records assistant (CRA)] must prepare a special certification for *any supplemental record prepared to correct a deficiency in the original record.*

*Id*. § I-4-2-30.5 (emphasis added); *see e.g. Drake v. Colvin*, No. 15-313-R, at 7-8 (W.D. Okla. March 11, 2016) (unpublished report & recommendation) (Commissioner filed a supplemental certification noting her obligation "to

9

ensure a complete administrative transcript," enabling her to "often correct omissions therefrom"), *adopted by* 2016 WL 1312154 (W.D. Okla. Apr. 1, 2016) (unpublished order). Here the Commissioner merely filed an "updated transcript" with her response brief, pointing out the discrepancy in a footnote. Doc. 24, at 6 n.3.

### 3. The RFC's deficiency.

Here, the ALJ recognized Plaintiff's need to sit/stand—the RFC stated he "must have the option to occasionally sit/stand at the work 'station' with a less than 10% loss of productivity." AR 16. Under either a two percent or a ten percent loss of productivity, the ALJ did not sufficiently address the frequency Plaintiff would need to change positions. As Plaintiff points out, such VE questioning, asking about a ten percent loss of productivity, does not supply substantial evidence to support the ALJ's decision. Doc. 27, at 2 (citing *Newton v. Colvin*, No. CIV-12-1400-M, 2013 WL 6169298, at *3 (W.D. Okla. Nov. 21, 2013) (unpublished order adopting unpublished report & recommendation) ("[I]n neither his decision nor his hypothetical question to the VE did the ALJ define how often Plaintiff is able to sit without standing or changing positions. Under such circumstances, both the decision and hypothetical question lack 'key facts' and the VE's testimony cannot provide

substantial evidence to support the ALJ's decision.") (internal citation omitted)); *see also* Doc. 17, at 12.

Regardless of the reduction the percentage of productivity, this Court has rejected a similar restriction, one that required no loss of productivity:

> the Court finds that the limitation described by the ALJ—*allowing plaintiff to sit or stand without a loss of productivity—is not sufficiently specific as to the frequency of plaintiff's need to alternate sitting and standing.* Initially, the Court would find that this limitation is less restrictive than the "at will" or "as needed" sit/stand limitation that has previously been upheld in the Tenth Circuit. The Court further finds that what is meant by the sit/stand without a loss of productivity limitation is *unclear; the limitation provides no specifics concerning the frequency of any need plaintiff may have to alternate sitting and standing and the length of time needed to stand.*

*Marlowe v. Colvin*, No. CIV-14-314-M, 2015 WL 1509007, at *1 (W.D. Okla. March 31, 2015) (unpublished order) (footnote omitted) (emphasis added). United States Magistrate Judge Gary M. Purcell has also rejected a similar restriction in productivity in another unpublished decision from this Court. *See Staggs-Homady v. Colvin*, No. CIV-13-1368-D, 2014 WL 7429871, at *2 (W.D. Okla. Dec. 31, 2014) (unpublished order adopting unpublished report & recommendation). There, the ALJ's RFC called for Plaintiff to be "allowed the opportunity to alternatively sit/stand at the workstation without an interruption of productivity." *Id.* As here, the RFC lacked specificity about the "frequency of the need to alternate between sitting and standing," and as such,

could not constitute substantial evidence. *Id.* at *4 (quoting *Waltemire v. Colvin*, No. 13-CV-1283-DDC, 2014 WL 3809189 (D. Kan. 2014) (unpublished memorandum and order)). The RFC here suffers from the identical insufficiency as to frequency, regardless whether the cap on any loss in productivity is two or ten percent. *Jimison*, 513 F. App'x at 792.

As such, the court orders the Commissioner's decision reversed and the case remanded to the Commissioner for further evaluation of Plaintiff's RFC with respect to the frequency of her required sit/stand option, whether any jobs exist which Plaintiff can perform in light of her RFC for work, and, ultimately, whether she is disabled.

### III. Conclusion.

The court reverses and remands the Commissioner's decision.

ENTERED this 1st day of May, 2017.

_____
SUZANNE MITCHELL
UNITED STATES MAGISTRATE JUDGE